May it please the court, Matthew Borowski for Mr. Manjinder Singh and Mr. Kulwant Singh. This case involves a decision by an administrative agency disavowing jurisdiction over an administrative motion to reopen in the context of a credible fear review proceeding in an immigration court that was commenced after the issuance of an expedited removal order. Both of the petitioners made claims for asylum, were denied credible fear findings by the USCIS agency, had hearings in immigration court before immigration judges who affirmed the denials and then subsequently filed motions to reopen in order to address what they viewed as substantive or procedural defects. Were both of those motions to reopen timely? They were timely, your honor. My understanding is that they were both timely filed and were denied on disavowal of jurisdiction under 8 CFR 1208. I'm sorry, your honor. It's actually 1003.23.1. Since then, the thoracicium, DHSC thoracicium decision. So am I wrong that Manjinder's was untimely, that it was past the 90 days? I don't believe it was, your honor. I'm not certain that there was a timeliness issue here. It's my understanding that it was indeed timely and I'm looking at the order right now. There was no issue with timeliness, your honor. So both of these cases were ruled on based upon a lack of jurisdiction. Well, but even if they do have the authority to reopen, and even if they made a mistake in not doing it, do we have jurisdiction in this court under 1252 to do anything about that? So the way I look at it, your honor, is that while 1252A and 1252B does preclude review of any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225B1 of this title, which is the expedited removal provision, there is under 1252A2D an allowance for review of questions of law and constitutional claims. And the way I arrive at that is that we're not directly petitioning for review of the underlying order of removal here. And in that case, this court held that the denial of a motion to reopen, like a reinstatement order, gives effect to a previously issued deportation order and that under that case's precedent, that can be considered separately from the underlying removal order. So you can also see in Andrade Garcia v. Lynch that the court has treated a reinstatement order as a final order of removal because it gives effect to the underlying removal order and therefore subject to judicial review despite not being an actual order of remover. And quite often when expedited removal orders are the underlying removal order in a reinstatement proceeding, so looking at the Ayala case, you know, I don't think in Ayala it was an expedited removal order. I believe in that case the alien actually was put in regular removal proceedings before an immigration court, but nothing in Ayala indicates that it would change anything. I think that because we're not arguing for direct review of the underlying expedited removal order, we're arguing for review of the motion to reopen on a jurisdictional basis. But going back to 1252, isn't the phrase arising out of or relating to about as broad, maybe I've read too much insurance law, but that's about as inclusive as one can get in trying to write a rule of, you know, exemption, essentially. But coming back to the jurisdiction, the question of 1252 I think is a major impediment to your case. I think if it's read that strictly, it would lead to an absurd result that may give no teeth to Section A2D, which allows for review of questions of law and constitutional claims. I would also point to the issue that the Supreme Court has held in thursidium, DHS v. thursidium, that habeas review is precluded in the district court. So we would be in a position where immigration courts and the Board of Immigration Appeals can wholesale this avowed jurisdiction, which is clearly contemplated in the INA, and there's no meaningful form of review to challenge that. So a suspension clause could be implicated as well. Just let me make sure I understand your argument, are you contending that you fit within an exception to the bar that's in 1252 A2A, or are you saying that the Constitution requires that you be granted an exception? Well, if the court were to find that this does touch on the underlying removal order, that would be the argument that petitioners would advance. But I think our primary argument here is that the wording of 1252 B1, or 1252 B, which expressly precludes judicial review of an expedited removal order issued under Section 1225 B1, doesn't apply where the petition for review arises out of a denial of a motion to reopen, which is tangentially related to the underlying expedited removal order, but the expedited removal order is not what we are petitioning for review of. We're not intending on raising balance to the determination made in that expedited removal order, we're bringing a petition to review an illegal finding that there's no jurisdiction over a motion to reopen, which was also somewhat of a gray area until the Supreme Court's decision in Thursidium, where in one of the footnotes, Justice Alito clearly stated that that jurisdiction doesn't exist. So, counsel, if we were to think that we could get past the jurisdictional bar, so what's your argument on the merits, not the merits of the credible fear, but the merits of the jurisdiction? The argument on the merits of the jurisdiction are that the Section 1003.23 B1 of 8 CFR gives immigration judges broad jurisdiction to reopen or reconsider any decision that they've made, and is not overruled by any other section of law, and I believe that that has been further cemented in footnote 23 in the Thursidium decision. I don't think that 8 CFR 1208.30 G4A nullifies 1003.23 B1, which provides that an IJ has to respond to a jurisdiction to reopen any case. It does not limit it to any case in certain types of proceedings. I think it applies equally to any type of proceeding that an immigration judge can touch. Counsel, whenever you decide to sit down, I would like you to take a look at one thing and come back on rebuttal and answer Judge Collins' question about Manjinder Singh. And I'd like you to take a look at footnote 1, maybe it's the star footnote, it's the only footnote in the IJ's opinion, because the IJ does say that it's untimely, but I'd like to know what your response is on that. I will, Your Honor. Thank you. I would reserve any rebuttal. All right, then we will hear now from Ms. Jones. You may proceed. May it please the Court. Good morning. My name is Tracy Jones, and I'm appearing on behalf of the respondent, William Kibar. The Court, in this case, should dismiss the petition for review because the Court lacks jurisdiction to review challenges stemming from expedited removal orders, including credible fear determinations. In this case, the petitioner attempts to circumvent the jurisdiction stripping provisions in the INA by petitioning this Court to review a denial of a motion to reopen of a negative credible fear determination. The INA strictly restricts judicial review of decisions relating to expedited removal orders and credible fear determinations. In Pena v. Lynch, this Court agreed that the plain language of the statute precludes the Court's review of any challenge to an expedited removal order. Counsel, what do we do with 1252A2D? Well, Your Honor, in the same case, Pena v. Lynch, the Court held, although we clarified that although 8 U.S.C. § 1252A2D revests this Court's jurisdiction to review constitutional claims, that revestment does not extend to the review of expedited removal orders. Under any circumstances? That's correct, Your Honor. Therefore, because this Court has held that the plain language of the statute precludes review of any... Now, suppose the IJ, let's just play that out, suppose the IJ at the, you know, review had relied on blatantly unconstitutional grounds in rejecting the claim. And then he petitions saying, look, this is a constitutional violation. Is there nothing that can be done at that point? Or it implies there's no review, no access to the courts whatsoever? Well, Your Honor, in expedited removal cases, the aliens have three opportunities to have their credible fear determination reviewed. Once it's before the CIS asylum officer, if it's found to be a negative credible fear determination, the case then goes to a supervisory asylum officer who reviews it and determines whether the petitioner, whether the asylum officer correctly determined that the petitioner did or did not have a credible fear of returning to their native country. Then after that, if it's still negative, the petitioner is provided with written notice, which allows him to appeal the asylum officer's credible fear determination to the immigration judge. These are the... I'm saying suppose the immigration judge goes rogue and right on the record, you know, indisputably relies on an impermissible, you know, say invidious discriminatory ground and makes appalling remarks that show clearly unconstitutional bias. Is it the government's position that then nothing can be done to that? There's no recourse to the courts? Well, Your Honor, under the regulations, the service at any time may reopen or reconsider any decision. At this point, there's no evidence... So you agree that the agency has the ability, even if we don't have jurisdiction here, to sue Esponte, reopen this matter, even now, even though the time has passed? Yes, Your Honor. The INA explicitly states that the appellate court does not have jurisdiction to review any items stemming from the expedited removal orders. In Therese Seagum, the Supreme Court reviewed whether limited inquiries under 1252E2 violated the suspension and due process clause, and the Supreme Court found that it does not. Noting that the historic role of habeas is to secure release from custody, and that that relief that the respondent is speaking is the opportunity to remain lawfully in the United States, and that falls outside of the scope of the writ, as it was understood when the Constitution was adopted. In Therese Seagum, this court has noted that an alien who was in the respondent's position in Therese Seagum, which is an alien requesting admission into the United States, has only the rights regarding admission that Congress has provided by statute, which is the case here. The petitioners, Majinder Singh and Kawant Singh, only have the rights afforded to them by Congress by statute. Those rights does not include appellate review of expedited removal orders. The question is, do we have review to look at something that is blatantly unconstitutional or extra statutory? That's Judge Collins' question to you. We're not interested in looking at the merits of this, and counsel's made pretty clear not asking us to do that. It's just asking us to look at a jurisdictional question, and that looks like that might be within 1252A2D, which provides a different avenue for us to review statutory and constitutional questions. Yes, Your Honor, that's correct, but this court has already held that under Panay v. Lynch, the 1252A2D type of claims does not reinforce this court's position when it pertains to expedited removal orders. This court has further held that when the INA does not provide an independent statutory basis for jurisdiction over a motion to reopen, instead our jurisdiction over a motion to reopen is derivative of our jurisdiction over the underlying removal order, which this court does not have under Panay v. Lynch. Where the INA does provide for review under 1252E2, such review is sought in district court and not in appellate courts. 1252E allows for judicial review of any determination made under the expedited removal statutes is only available in the habeas corpus proceedings. Those proceedings are limited to whether the petitioner is an alien, whether the petitioner was order removed under the expedited removal statutes, and whether the petitioner can prove by preponderance of the evidence that the petitioner has certain specified status in the United States. As I mentioned earlier, Daris Segal has affirmed and found that the habeas corpus limited review and expedited removal orders does not violate the suspension clause and the due process clause. In footnote 28, which petitioner's counsel referred to, the Supreme Court held or stated that DHS officials and immigration judges may reconsider or reopen proceedings cited to two regulations to support that proposition. These regulations are referring to the special agricultural worker and legalization cases and motions to reopen before the immigration judge when jurisdiction has not been vested. Daris Segal does not address whether the immigration judge has the authority to reopen or reconsider a negative credible fear determination. Based on this court's law and the Supreme Court's decision in Daris Segal, this court does not have jurisdiction to review the motion to reopen that petitioners have filed. Therefore, if there's no other questions, I would like to go ahead and- The authority to reopen rests with the service according to the regulations. The authority to reopen or reconsider- It's not IJs according to your view? To my reading of the plain language of the regulation, yes, that's correct. It's only the service. The regulation explicitly states that if the immigration judge concurs with the determination of the asylum officer, that alien does not have a credible fear of persecution or torture. The case shall be returned to service for removal of the alien. The immigration judge's decision is final and may not be appealed. The service, however, may reconsider a negative credible fear finding that has been concurred upon by an immigration judge after providing notice of its reconsideration to the immigration judge. And if the court does not have any other further questions, I would like to conclude. All right. Thank you, counsel. And we'll hear from Mr. Brasky. Thank you, Your Honor. Briefly, with respect to the footnote to the IJ's decision in Mr. McIntyre's case, the general provisions of the INA dealing with motions to reopen do have, I believe, a 90-day temporal limitation. However, the sua sponte authority does not have a temporal limitation. Therefore, the most argued for exercise of sua sponte authority by the IJ was not untimely. And the provision under HCFR 1003.2 does deal with sua sponte authority, if that answers your question, Your Honor. But that seemed to put that case in a very different light, because it's one thing to say I'm being denied any possibility of review. And it's another thing to say that I didn't meet the deadline for the method that I invoked, which kind of moots the issue whether I would have had any further review if I had done it in a timely manner. I believe, Your Honor, that the provisions that have a timeliness requirement on them may not encompass credible fear of new proceedings. I was not prepared for this particular question, Your Honor, so this is off the top of my head. I believe that those provisions dealing with motions to reopen may be tied to removal proceedings, not credible fear review proceedings, a separate type of proceeding before the immigration judge. I believe that the sua sponte authority is the one that an IJ may reopen any case and doesn't limit itself to specific types of proceedings. Counsel, would you turn to 1252 with me? I want to work through a couple of questions with you. So in 1252A, we have the notwithstanding any other provision of law, no court shall have jurisdiction to review. And then we have an except, except as provided in subsection E. And that tells us that no court shall have jurisdiction to review any individual determination to entertain any cause arising from or relating to. That's that very, very broad language that Judge Stearns pointed you to. So I'm just sort of thinking about the except as provided in subsection E language. If I turn to E, it does allow for challenges to the validity of the system and provides a general exception for a class action to challenge either the constitutionality or the regulations or a written policy directive. But it must be filed in D.C. Why isn't that your remedy? I have seen that, Your Honor. The issue that I believe precludes that is there are IJs who accept jurisdiction and rule on the merits of these motions to reopen in this procedural posture. I'm not aware of any written policy directive or written policy guideline that is inconsistent with our position. It appears to be an ad hoc situation. Did the IJ cite any regulations when they said they didn't have jurisdiction? I believe that, at least in one of the cases, the IJ cited 1208.30G.48. Well, if they're citing on that regulation as the authority for that, again, why can't you bring a class action suit in D.C.? Why isn't that your remedy? You know, I think that you would need... You have two different IJs here. You've got the interesting case that it's not just a one-off. It may be a two-off, but that's twice as many as a one-off. So you've got some pattern here. And that certainly may be an option, Your Honor. But I also think that this court can exercise jurisdiction either under 1252A.2.D. as a question of law or constitutional claim, or it can construe this situation similarly to the way it construed the situation in Ayala, where they distinguished it from Garcia de Rincon, where in Ayala did not seek to collaterally attack the underlying expedited removal order. Rather, she was challenging the outcome of the reasonable fear of determination made during the reinstatement proceedings, not during the original underlying expedited removal proceedings. So the court reasoned that because the petition for review in that instant case did not implicate the underlying expedited removal order, nothing in 8 U.S.C. section 1252 prevented the court from exercising jurisdiction in that case. So similarly, we're not challenging the legitimacy of the underlying expedited order of removal. We're limiting the appeal to the jurisdictional error of law that the administrative agency committed. So for that reason, I think that this court should exercise jurisdiction in a very limited fashion. Again, we're not raising the merits of the underlying, to the extent that we may address the merits in the petition for review, it's provided as background information. Okay, counsel, I've allowed you to go over. Thank you, both counsel, for very helpful arguments. And the two cases just argued will be submitted, and we are finished our calendar for this morning.
judges: Bybee, Stearns, Collins